## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANDRES ANDRADE SIMENTAL,

      Petitioner,

v.

                                       Case No. 1:26-cv-01144-MIS-KRS

MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office,
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting Attorney General
of the United States; and WARDEN,
Torrance County Processing Center,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus ("Petition"), filed by Andres Andrade Simental on April 14, 2026. ECF No. 2. Respondents Mary De Anda-Ybarra, Markwayne Mullin, and Todd Blanche ("Respondents"),[1] filed a Response on May 1, 2026, ECF No. 7.

Respondents argue that, as Petitioner is under an order of voluntary departure, "Petitioner is now held pursuant to 8 C.F.R. § 240.25(b)" rather than 8 U.S.C. §§ 1225 or 1226, and is not eligible for bond. Id. at 4-5. In support, Respondents point the Court to Al-Siddiqi v. Achim, 531 F.3d 490, 495 (7th Cir. 2008), in which the court denied a habeas petition because "the

---

[1] Respondent Warden, Torance County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

[Immigration Judge (IJ)] has determined that [the petitioner] should remain in custody as a condition of his voluntary departure" under the IJ's "right to impose conditions on Al–Siddiqi's voluntary departure order" per 8 U.S.C. § 1229c(a), (b) and 8 C.F.R. § 1240.26(c)(3). Resp. at 4-5, ECF No. 7. Since the IJ here ordered Petitioner to post a voluntary departure bond and did not advise Petitioner of other conditions, the Court finds Al-Siddiqi does not apply.

Title 8, United States Code, Section 1229c(b)(3) states that "[a]n alien permitted to depart voluntarily under this subsection shall be required to post a voluntary departure bond, in an amount necessary to ensure that the alien will depart, to be surrendered upon proof that the alien has departed the United States within the time specified." The statute does not give the IJ the right to impose additional conditions like confinement. See id. To the extent the IJ can impose conditions of confinement on a detainee under an order of voluntary departure, they apparently derive from 8 C.F.R. § 1240.26(c)(3), which permits the IJ to "impose[] conditions beyond" a voluntary departure bond. If the IJ does so, he must "advise the alien of such conditions before granting voluntary departure." Id.

In this case, however, the IJ, on making his order granting "post-conclusion voluntary departure," did not advise the Petitioner of any "conditions beyond" a voluntary departure bond as required by 8 C.F.R. § 1240.26(c)(3). Resp. Ex. D at 1-4, ECF No. 7-4. Instead, the IJ informed Petitioner that he "is ordered to depart by 03/24/2026" and "must post a $0.00 bond with DHS within five business days of this order." Id. at 2. Petitioner was further informed of the consequences of failing to depart and his right to appeal. Id. at 2-3. If he appealed, Petitioner must show "sufficient proof of having posted the [$0.00] voluntary departure bond." Id. at 3. The IJ makes no mention of continued detention of Petitioner. See generally id. at 1-4.

2

The Court find that Respondents detained Petitioner without advising him of any conditions beyond the voluntary departure bond procedures outlined in both 8 U.S.C. § 1229c(b) and 8 C.F.R. § 1240.26(c)(3), and therefore any such conditions are invalid. See id. at 1-4. Respondents are hereby ordered to adhere to their own regulations and the IJ's order issued on February 20, 2026. Id. at 1-4. Respondents shall assume Petitioner has posted bond, since it was set at $0.00, and release Petitioner during the duration of his appeal of the grant of voluntary removal. See Resp. at 3, ECF No. 7; Resp. Ex. D. at 3, ECF No. 7-4.

The Court makes no finding regarding whether a grant of voluntary departure changes the statutory scheme under which an immigration detainee is held.

Accordingly, it is **HEREBY ORDERED** that:

1.    Petitioner Andres Andrade Simental's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

3.    Respondents **SHALL** file a Notice of Compliance with this Order; and

4.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3